1  DANIEL L. WARSHAW (Bar No. 185365)
   dwarshaw@pswlaw.com
2  ALEXANDER R. SAFYAN (Bar No. 277856)
   asafyan@pswlaw.com
3  **PEARSON, SIMON & WARSHAW, LLP**
  15165 Ventura Boulevard, Suite 400
4  Sherman Oaks, California 91403
  Telephone:  (818) 788-8300
5  Facsimile:   (818) 788-8104

6  GEORGE S. TREVOR (Bar No. 127875)
   gtrevor@pswlaw.com
7  **PEARSON, SIMON & WARSHAW, LLP**
  44 Montgomery Street, Suite 2450
8  San Francisco, California 94104
  Telephone:  (415) 433-9000
9  Facsimile:   (415) 433-9008

10  Attorneys for Plaintiffs LARRY GRILL,
  JOAN GRILL, and STEVEN E. GRILL,
11  in his capacity as Trustee of the Grill
  Irrevocable Trust 2004, dated September
12  2, 2004, on behalf of themselves and all
  others similarly situated

13

14  **UNITED STATES DISTRICT COURT**

15  **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

16

| | |
|---|---|
| 17 LARRY GRILL, JOAN GRILL, and STEVEN E. GRILL, in his capacity as Trustee of the Grill Irrevocable Trust 2004, dated September 2, 2004, on behalf of themselves and all others similarly situated, | CASE NO. ED CV14-00051-JGB (SPx) **FIRST AMENDED COMPLAINT** **JURY TRIAL DEMANDED** Assigned to the Honorable Jesus G. Bernal |
| Plaintiffs, | |
| vs. | |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   Plaintiffs Larry Grill, Joan Grill, and Steven E. Grill, solely in his capacity as

2   Trustee of the Grill Irrevocable Trust 2004, dated September 2, 2004 ("Grill

3   Irrevocable Trust") (collectively, "Plaintiffs") bring this first amended class action

4   complaint on behalf of themselves and all others similarly situated against

5   Defendant The Lincoln National Life Insurance Company ("Defendant") and make

6   the following allegations on information and belief, except as to those allegations

7   pertaining specifically to Plaintiffs and their counsel, which are based upon personal

8   knowledge:

9   ## I. INTRODUCTION

10   1.   This action concerns a common and systematic practice by Defendant

11   of failing to inform and/or concealing from its insureds the option of a life

12   settlement in connection with their life insurance policies.  When Plaintiffs and

13   similarly situated Class members inquire to Defendant about retaining or modifying

14   their existing life insurance policies, Defendant—as a regular practice or policy—

15   fails to advise them that they can sell all or part of their policy to a third party for

16   more than its cash surrender value (*i.e.*, a life settlement).  Defendant purposely

17   omits this information from Plaintiffs and Class members because it knows that

18   other options, such as surrendering the policy (in whole or in part) or letting it lapse,

19   will generate greater profits to Defendant than a life settlement would.

20   2.   Plaintiffs Larry Grill and Joan Grill are, and at all times relevant herein

21   were, "elders," as defined by California Welfare and Institutions Code section

22   15610.27.  On November 11, 2004, Plaintiffs Larry Grill and Joan Grill purchased a

23   life insurance policy, Policy No. 7195490, from Defendant (the "Policy").  During

24   the Class Period (defined below), Plaintiffs inquired multiple times to Defendant

25   about retaining or modifying the Policy.  At all times during the Class Period, when

26   Defendant presented options to Plaintiffs regarding the Policy, it omitted or

27   concealed the option of a life settlement from them.

28   3.   In a typical life settlement, the seller of the policy receives more than

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

the policy's cash surrender value, but less than its death benefit.  This makes life settlements a particularly attractive option for elder citizens, such as Plaintiffs Larry Grill and Joan Grill, who do not wish to incur or cannot afford the continued cost of life insurance.  Life settlements provide a practical alternative to surrendering the life insurance policy—typically for only a fraction of its face value—or letting the policy lapse and receiving nothing in return.

4.      The omission or concealment of the option of a life settlement is a common and regular practice employed by Defendant, and indeed is a pervasive practice in the life insurance industry.  Defendant instructs its own agents as well as independent agents that transact insurance on Defendant's behalf to omit or conceal the option of a life settlement from its insureds.

5.      Defendant's omission or concealment of the option of a life settlement has caused Plaintiffs and Class members to suffer millions of dollars in damages.  As a direct and proximate result of Defendant's failure to inform and/or concealment of the option of a life settlement, Plaintiffs surrendered over $5 million (in other words, gave up over $5 million in coverage) of the Policy for no consideration.

6.      Plaintiffs now bring this class action lawsuit to recover damages and other relief on behalf of themselves and members of the Classes below for Defendant's unlawful and deceptive conduct as alleged herein.

## II. **THE PARTIES**

7.      Plaintiff Larry Grill is a resident of Rancho Mirage, California, and an insured under the Policy.  At all times relevant herein, Larry Grill was an "elder" as defined by California Welfare and Institutions Code section 15610.27.

8.      Plaintiff Joan Grill is a resident of Rancho Mirage, California, and an insured under the Policy.  At all times relevant herein, Joan Grill was an "elder" as defined by California Welfare and Institutions Code section 15610.27.

9.      Plaintiff Steven E. Grill is a resident of Woodland Hills, California.  He

1   brings this case solely in his capacity as Trustee of the Grill Irrevocable Trust.

2   Steven E. Grill, in his capacity as Trustee of the Grill Irrevocable Trust, or the

3   successor(s) in said trust, is the owner and beneficiary of the Policy.

4         10.    Defendant The Lincoln National Life Insurance Company is the

5   primary life insurance subsidiary of holding company Lincoln National Corporation,

6   a Fortune 250 company that operates multiple insurance and retirement businesses

7   nationwide.  Defendant is an Indiana corporation with its principal place of business

8   located at 1300 South Clinton Street, Fort Wayne, Indiana, 46802.  Defendant is

9   licensed to and regularly conducts business in California.

10   ### III.  <u>JURISDICTION AND VENUE</u>

11         11.    This Court has jurisdiction over the subject matter of this action

12   because it is a class action arising under the Class Action Fairness Act, Pub. L. No.

13   109-2, 119 Stat. 4 (2005) ("CAFA").  CAFA explicitly provides for the original

14   jurisdiction of the federal courts over any class action in which any member of the

15   plaintiff class is a citizen of a State different from any defendant, and in which the

16   amount in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of

17   interest and costs.

18         12.    As set forth above, Plaintiffs, and each of them, are citizens of

19   California.  Defendant is a citizen of Indiana.  Therefore, diversity of citizenship

20   exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

21         13.    Plaintiffs allege that the total damages of the individual members of the

22   Class in this action are in excess of $5,000,000 in the aggregate, exclusive of

23   interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

24         14.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a

25   substantial part of the events or omissions giving rise to Plaintiffs' claims occurred

26   in this judicial district.

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# IV. FACTUAL ALLEGATIONS

## A. Plaintiffs' Experience With Their Policy

15. Defendant conducts its business, including the solicitation, sale, and subsequent managing of life insurance policies, via a nationwide network of agents. These agents market life insurance policies issued by Defendant, present proposals for life insurance with Defendant to potential policyholders, execute life insurance contracts on behalf of Defendant, and act as the conduit through which policy-holders make subsequent transactions with Defendant regarding their life insurance policies. These agents, whether employed by Defendant or independent, are authorized to act on Defendant's behalf and bind Defendant.

16. In or around 2004, Plaintiffs Larry Grill and Joan Grill consulted one of Defendant's such agents for the purpose of purchasing a life insurance policy.

17. On November 11, 2004, Plaintiffs Larry Grill and Joan Grill purchased the Policy from Defendant. Plaintiffs Larry Grill and Joan Grill were named as the insureds under the Policy, and Plaintiff Steven E. Grill, in his capacity as Trustee of the Grill Irrevocable Trust, or the successor(s) in said trust, was named as the owner and beneficiary.

18. At the time they purchased the Policy, Plaintiffs Larry Grill and Joan Grill were sixty-eight and sixty-five years old, respectively. The Policy was a "second to die" policy, meaning the death benefit was payable only upon the last spouse's death.

19. Plaintiffs Larry Grill and Joan Grill made periodic premium payments toward the Policy. These premium payments were designed to generate investment returns that would cover the cost of insurance. Between 2004 and the present, Plaintiffs Larry Grill and Joan Grill made premium payments totaling several hundred thousand dollars.

20. The initial specified amount of the Policy was approximately $7.2 million. After several years, the investment returns on the Policy became

insufficient to cover the cost of insurance.  In or around 2008, Plaintiffs consulted Defendant's agent to inquire about their options regarding the Policy.  Defendant, through its agent, represented to Plaintiffs that they had two options: (1) pay new premiums into the Policy to extend it; or (2) surrender the Policy, in whole or in part, to reduce the cost of insurance.

21.    Defendant's agent provided Plaintiffs with detailed illustrations prepared by Defendant.  The illustrations included the cost of insurance, fund and surrender values, and the death benefit of the then-current Policy and alternatives. At no point did Defendant or its agent advise Plaintiffs that they had the option of selling all or part of the Policy in a life settlement.

22.    In February 2008, as a result of and in reliance on Defendant's omissions, Plaintiffs surrendered part of the Policy, decreasing its specified amount to approximately $5.4 million.  The following year, the investment returns on the Policy again became insufficient to cover the cost of insurance.  Plaintiffs contacted Defendant's agent to inquire about their options regarding the Policy, and on behalf of Defendant, he again represented to Plaintiffs that they had two options—paying new premiums into the Policy or surrendering all or part of the Policy—and failed to advise them of the third option of a life settlement.

23.    In or around December 2009, as a result of and in reliance on Defendant's omissions, Plaintiffs further surrendered part of the Policy, decreasing its specified amount to $2 million.  In total, as a direct and proximate result of Defendant's failure to inform and/or concealment of the option of a life settlement, Plaintiffs surrendered over $5 million of the original specified amount of the Policy for no consideration.

24.    By surrendering over $5 million of the original specified amount of the Policy, Plaintiffs Larry Grill and Joan Grill suffered injury through the loss in value of the Policy, an asset for which they paid several hundred thousand dollars in premium payments.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**B.**     <u>Defendant's Practice of Concealing the Option of a Life Settlement</u>

25.     As stated above, Defendant's failure to inform and/or concealment of the option of a life settlement is part of a common and systematic practice by Defendant to hide this option from its insureds.  The reason for this failure to inform and/or concealment is clear: Defendant stands to profit significantly if Plaintiffs and similarly situated Class members pay new premiums into their policies or surrender their policies for no value.  Conversely, if Plaintiffs and similarly situated Class members sell their policies in a life settlement, Defendant would have to pay the death benefit without receiving higher premiums and/or without a surrender.

26.     The failure to inform and/or concealment of life settlements is a pervasive practice in the life insurance industry.  Several articles have recently tried to call attention to this practice, yet it remains largely out of the public eye.  For example, an article published last year in the New York Times that surveyed the life settlement industry observed that "[t]here are $18 trillion worth of active life-insurance policies in the United States alone, and very few people even know that they can sell their policies.  The public awareness is next to nil."[1]  Another article, written by an industry insider with over thirty years' experience in the life insurance and financial services industry, noted that life insurance companies are vigorously opposing laws that would require them to disclose to senior insureds various options with their life insurance policies (including life settlements) because they "would much prefer to have policy owners stay unaware of this option."[2]

---

[1] James Vlahos, *Are You Worth More Dead Than Alive?*, N.Y. TIMES, Aug. 10, 2012, *available at* http://www.nytimes.com/2012/08/12/magazine/are-you-worth-more-dead-than-alive.html?pagewanted=all&_r=2& (internal quotations omitted).

[2] Peter N. Katz, J.D., CLU, ChFC, *Keeping Consumers in the Dark*, CALIFORNIA BROKER, Mar. 14, 2012, *available at* http://www.calbrokermag.com/featured-blogs/keeping-consumers-in-the-dark/.

27.     Independent organizations have also recognized that life insurance companies, such as Defendant, omit or conceal the option of a life settlement from their insureds.  For instance, the Life Insurance Settlement Association—the largest association of life settlement companies in the world—warns on its website that life insurance companies "often discourage their personnel from telling customers that they can realize far better cash outcomes … on their existing policies – through life settlements."[3]  Indeed, at all times during the Class Period, Defendant maintained such a practice or policy, by instructing agents that transact insurance on Defendant's behalf to omit or conceal the option of a life settlement from its insureds when they inquire about their options with respect to their life insurance policies.

28.     Defendant's practice or policy of failing to inform and/or concealing from its insureds the option of a life settlement has caused Plaintiffs and Class members millions of dollars in damages.  In 2010, the U.S. Government Accountability Office conducted a study that showed that consumers who sold their life insurance policy in a life settlement received, on average, *700 percent more* for their policy than if they would have surrendered the policy to their life insurance company.

29.     Plaintiffs here were not aware that they could sell the Policy in a life settlement and receive more than its cash surrender value.  Had Plaintiffs been aware of the option of a life settlement, they would not have surrendered over $5 million of the Policy for no consideration.  Likewise, had similarly situated Class members been informed of the option of a life settlement, they would not have surrendered all or part of their policies, or let their policies lapse.  Instead, based upon the omissions by Defendant, Plaintiffs surrendered over $5 million of the

_____

[3] http://www.lisa.org/content/13/What-is-a-Life-Settlement.aspx.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Policy for no consideration whatsoever.  Similarly situated Class members also surrendered all or part of their policies, or let their policies lapse, suffering damages.

30.    The facts Defendant omitted or concealed regarding the option of a life settlement were material because they were essential to Plaintiffs' and Class members' financial decisions regarding their life insurance policies.  Plaintiffs and Class members would not have acted as they did without knowledge of those material facts.

31.    Defendant knew that it was omitting or concealing the material facts regarding life settlements from Plaintiffs and Class members, and knew the effect such concealment would have.

32.    Plaintiffs relied on Defendant's omission or concealment of the option of a life settlement when they decided to surrender over $5 million of the Policy.  Through its omissions of material facts (*i.e.*, representing that Plaintiffs had only two options—paying new premiums into the Policy or surrendering it, in whole or in part—and concealing the option of a life settlement), Defendant intended to, and did, induce Plaintiffs to surrender over $5 million of the Policy.  Similarly, through its omissions of material facts, Defendant intended to, and did, induce Class members to alter their positions with respect to their insurance policies.

33.    Plaintiffs and Class members have suffered injury in fact and lost money as a result of Defendant's misconduct.  Plaintiffs and Class members relied on Defendant's misrepresentations and/or omissions of material facts and suffered millions of dollars in damages as a direct and proximate result thereof.

34.    Defendant's misconduct, as alleged herein, prevented Plaintiffs from filing suit during the statute of limitations period.  Defendant omitted or concealed the option of a life settlement from Plaintiffs and Class members.  Plaintiffs and Class members reasonably relied on Defendant's omissions of material facts in surrendering their life insurance policies, in whole or in part, or letting their policies lapse.  Plaintiffs and Class members did not know, and were not reasonably able to

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

ED CV14-00051-JGB (SPx)

FIRST AMENDED COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   discover, that they had the option of a life settlement with their life insurance

2   policies.

3       35.     Plaintiffs did not discover that Defendant had omitted or concealed the

4   option of a life settlement until Defendant's agent revealed it to them in March

5   2013.  By that time, Plaintiffs had already surrendered over $5 million of the Policy.

6   As a result of Defendant's concealment, any applicable statutes of limitations have

7   been tolled, and Defendant should be estopped from asserting a statute of limitations

8   defense.

## V. <u>CLASS ACTION ALLEGATIONS</u>

10      36.     Plaintiffs bring this class action for damages and other relief on behalf

11  of the following two Classes:

> Damages Class: All individuals residing in California, age sixty-five or older, who were insured under, or owned, a life insurance policy with Defendant, and who either surrendered their policy, in whole or in part, or let their policy lapse, at any time during the four years preceding the filing of this Complaint (the "Class Period").

> Injunctive Relief Class: All individuals residing in California who are currently insured under, or own, a life insurance policy with Defendant.

17      37.     Excluded from the Classes are Defendant, any of its parents,

18  subsidiaries, or affiliates, any of Defendant's officers, directors, legal

19  representatives, employees, co-conspirators, successors, subsidiaries, and assigns,

20  all governmental entities, and any judge, justice, or judicial officer presiding over

21  this matter and the members of their immediate families and judicial staff.

22      38.     The proposed Classes are so numerous that individual joinder of all

23  their members is impracticable.  Due to the nature of the trade and commerce

24  involved, Plaintiffs believe that the total number of Class members is in the

25  thousands and that members of the Classes are geographically dispersed across

26  California.  While the exact number and identities of the Class members are

27  unknown at this time, such information can be ascertained through appropriate

28  investigation and discovery.

39.     There are questions of law and fact that are common to the Classes, and these common questions predominate over any questions that may affect individual Class members.  Common questions of law and fact include, but are not limited to, the following:

      a.     Whether Defendant had a practice or policy of concealing the option of a life settlement from its insureds;

      b.     Whether Defendant instructed agents authorized to transact insurance on Defendant's behalf to conceal the option of a life settlement from its insureds;

      c.     Whether Defendant's conduct as alleged in this Complaint constitutes omission or concealment of a material fact;

      d.     Whether Defendant's conduct as alleged in this Complaint constitutes fraud;

      e.     Whether Defendant's conduct as alleged in this Complaint constitutes financial elder abuse;

      f.     Whether Defendants' conduct as alleged in this Complaint constitutes an unlawful, unfair, and/or fraudulent business practice in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

      g.     Whether Plaintiffs and members of the Damages Class are entitled to compensatory damages, and if so, the nature of such damages;

      h.     Whether Plaintiffs and members of the Damages Class are entitled to punitive damages;

      i.     Whether Plaintiffs and members of the Damages Class are entitled to restitutionary relief; and

      j.     Whether Plaintiffs and members of the Injunctive Relief Class are entitled to injunctive relief.

40.     Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs and all Class members have been similarly affected by Defendant's common course of

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

conduct since they all relied on Defendant's omissions regarding the option of a life settlement with their life insurance policies.  Plaintiffs and all Class members have suffered the same or substantially similar injury as a result of Defendant's conduct alleged herein.

41.    Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained counsel with substantial experience in handling complex class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the resources to do so.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  As stated above, individual joinder of all Class members is impracticable.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the Class members' rights.

43.    The prosecution of separate actions by individual Class members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendant.

44.    Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudication, and could substantially impair or impede the ability of such non-party Class members to protect their interests. Defendant has acted or refused to act on grounds that apply generally to the Injunctive Relief Class, thereby making appropriate final and injunctive relief

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  respecting the Injunctive Relief Class as a whole, as requested herein.

2      45.     Defendant has acted or refused to act on grounds that apply generally to

3  the Injunctive Relief Class, thereby making appropriate final and injunctive relief

4  respecting the Injunctive Relief Class as a whole, as requested herein.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

### (By Plaintiffs and the Damages Class Against Defendant)

9      46.     Plaintiffs incorporate by reference the allegations contained in the

10 paragraphs above as though fully set forth herein.

11     47.     Defendant's  conduct, as alleged herein, constituted a fraud against

12 Plaintiffs and Class members.  Defendant concealed material facts, and gave

13 information of other facts which were likely to mislead for want of communication

14 of those material facts.  Specifically, Defendant, via its network of agents authorized

15 to transact insurance on Defendant's behalf, provided Plaintiffs and Class members

16 with only limited options when they inquired about retaining or modifying their life

17 insurance policies.  These options primarily included paying new or higher

18 premiums into their life insurance policies or surrendering their policies, in whole or

19 in part.  Throughout the Class Period, Defendant instructed its agents to, and itself

20 did, conceal the option of a life settlement from Plaintiffs and Class members.

21     48.     When Plaintiffs and Class members inquired to Defendant about their

22 options regarding their life insurance policies, Defendant had a duty to disclose all

23 material facts to Plaintiffs and Class members regarding the retention or

24 modification of their life insurance policies.

25     49.     Defendant intentionally failed to inform and/or concealed from

26 Plaintiffs and Class members the option of a life settlement with intent to defraud

27 Plaintiffs and Class members.  Defendant instructed its agents to, and itself did, fail

28 to inform and/or conceal the option of a life settlement from Plaintiffs and Class

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

ED CV14-00051-JGB (SPx)

1   members.

2       50.    Defendant knew that it was concealing the material facts regarding the

3   option of a life settlement and the effect such concealment would have, and intended

4   to induce Plaintiffs' and Class members' reliance.

5       51.    Plaintiffs and Class members did, in fact, rely on Defendant's

6   omissions of material facts when they made financial decisions regarding their life

7   insurance policies without the option of a life settlement.  Such reliance was

8   reasonable and justifiable under the circumstances.

9       52.    Defendant's conduct, as alleged herein, violated California Civil Code

10   sections 1709 and 1710.  Defendant violated section 1709 by willfully deceiving

11   Plaintiffs and Class members with intent to induce them to alter their positions to

12   their detriment, and is liable for Plaintiffs' and Class members' damages suffered

13   thereby.  Defendant violated section 1710(3) by suppressing and/or failing to

14   disclose facts that it was bound to disclose, or by giving information of other facts

15   that were likely to mislead for failing to communicate the facts suppressed or

16   undisclosed.

17       53.    As a direct and proximate result of Defendant's wrongful and

18   fraudulent conduct, Plaintiffs and Class members suffered and continue to suffer

19   substantial economic losses and other general and specific damages.

20       54.    Defendant's wrongful acts as complained of herein were done with

21   malice, oppression, and intent to defraud, and with conscious disregard for the rights

22   of Plaintiffs and Class members.  Plaintiffs and Class members are entitled under

23   California Civil Code section 3294 to recover punitive damages from Defendant in

24   an amount to be determined at trial and which is appropriate to punish Defendant

25   and make an example of Defendant in order to deter others from similar conduct.

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**SECOND CAUSE OF ACTION**

**FINANCIAL ABUSE OF AN ELDER**

**(WELF. & INST. CODE §§ 15600, *ET SEQ.*)**

**(By Plaintiffs Larry Grill, Joan Grill, and the Damages Class Against Defendant)**

55.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above as though fully set forth herein.

56.    At all times relevant herein, Plaintiffs Larry Grill and Joan Grill were "elders" as defined by California Welfare and Institutions Code section 15610.27.

57.    Defendant took, secreted, appropriated, obtained, or retained Plaintiffs Larry Grill and Joan Grill's personal property for a wrongful use and with intent to defraud.  By concealing the material facts and/or failing to inform Plaintiffs Larry Grill and Joan Grill about the option of a life settlement, Defendant induced Plaintiffs Larry Grill and Joan Grill to surrender over $5 million of the Policy for no consideration, thereby harming them.  The surrender of over $5 million of the Policy decreased the value of the Policy, an asset for which Plaintiffs Larry Grill and Joan Grill paid several hundred thousand dollars in premium payments.  Defendant knew or should have known that its conduct would likely be harmful to Plaintiffs Larry Grill and Joan Grill.

58.    Alternatively, Defendant wrongfully and with intent to defraud took, secreted, appropriated, obtained, or retained Plaintiffs Larry Grill and Joan Grill's personal property in the form of the actual premium payments they paid toward the Policy.  Between 2004 and the present, Plaintiffs Larry Grill and Joan Grill made periodic premium payments toward the Policy, intended to cover the cost of insurance.  In February 2008, when Defendant induced Plaintiffs to decrease the specified amount of the Policy from approximately $7.2 million to $5.4 million, it took, secreted, appropriated, obtained, or retained those premium payments designed to cover the original specified amount.  Similarly, in or around December

2009, when Defendant induced Plaintiffs to further decrease the specified amount of the Policy from approximately $5.4 million to $2 million, it took, secreted, appropriated, obtained, or retained those premium payments designed to cover the approximate $5.4 million specified amount.

59.    Defendant's conduct, as alleged above, constituted a fraud against Plaintiffs Larry Grill and Joan Grill, and Defendant engaged in this conduct with intent to defraud Plaintiffs Larry Grill and Joan Grill.

60.    Defendant also took, secreted, appropriated, obtained, or retained personal property of the Class members for a wrongful use and with intent to defraud.  By concealing the material facts and/or failing to inform Class members about the option of a life settlement, Defendant induced Class members to surrender their life insurance policies, in whole or in part, or let their policies lapse, thereby harming them.  Defendant knew or should have known that its conduct would likely be harmful to Class members.

61.    Alternatively, Defendant wrongfully and with intent to defraud took, secreted, appropriated, obtained, or retained Class members' personal property in the form of the actual premium payments they paid toward their life insurance policies.  By inducing Class members to surrender their life insurance policies, in whole or in part, or let their policies lapse, Defendant took, secreted, appropriated, obtained, or retained those premium payments designed to cover the policies prior to the surrender or lapse.

62.    Defendant's conduct, as alleged above, constituted a fraud against Class members, and Defendant engaged in this conduct with intent to defraud Class members.

63.    Plaintiffs and Class members are entitled to recover reasonable attorneys' fees and costs pursuant to California Welfare and Institutions Code section 15657.5(a).

64.    Defendant's wrongful acts as complained of herein were done with

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   recklessness, oppression, fraud, or malice, and with conscious disregard for the
2   rights of Plaintiffs and Class members.  Thus, Plaintiffs and Class members are
3   entitled to recover punitive damages under California Civil Code section 3294 and
4   California Welfare and Institutions Code section 15657.5.

5        65.    Defendant is liable for treble damages and penalties pursuant to
6   California Civil Code section 3345 because: (1) Defendant knew or should have
7   known that its conduct was directed to senior citizens (Plaintiffs and members of the
8   Damages Class); (2) Defendant's conduct caused senior citizens (Plaintiffs and
9   members of the Damages Class) to suffer substantial loss of property set aside for
10  retirement or for personal or family care and maintenance, or assets essential to their
11  health or welfare; and (3) Plaintiffs and members of the Damages Class are
12  substantially more vulnerable than other members of the public to Defendant's
13  conduct because of their age, and actually suffered economic damage as a result of
14  Defendant's conduct.

15  **THIRD CAUSE OF ACTION**
16  **UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES**
17  **(CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**
18  **(By Plaintiffs and the Classes Against Defendant)**

19       66.    Plaintiffs incorporate by reference the allegations contained in the
20  paragraphs above as though fully set forth herein.

21       67.    Plaintiffs have standing to pursue this cause of action because they
22  have suffered injury in fact and lost money as a result of Defendant's actions as set
23  forth herein.  Plaintiffs Larry Grill and Joan Grill have standing because they made
24  periodic premium payments toward the Policy totaling several hundred thousand
25  dollars.  Plaintiff Steven E. Grill, solely in his capacity as Trustee of the Grill
26  Irrevocable Trust, has standing as the owner and beneficiary of the Policy.  Plaintiffs
27  surrendered over $5 million of the Policy and would not have done so but for
28  Defendant's omissions of material facts.  Had Plaintiffs known of the option of a life

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  settlement, they would not have surrendered over $5 million of the Policy for no

2  consideration.  Similarly, members of the Damages Class suffered injury in fact and

3  lost money as a result of Defendant's actions as set forth herein.  Specifically,

4  members of the Damages Class either surrendered their policy, in whole or in part,

5  or let their policy lapse during the Class Period, and would not have done so but for

6  Defendant's omissions of material facts.

7       68.    Defendant's actions as alleged in this Complaint constitute an unfair or

8  deceptive business practice within the meaning of California Business and

9  Professions Code sections 17200, *et seq.*

10      69.    Defendant knew or should have known by exercising reasonable care

11  that its omissions of material facts were false and misleading.  During the Class

12  Period, Defendant engaged in unlawful, unfair, and fraudulent business practices in

13  violation of California Business and Professions Code sections 17200, *et seq.*, by

14  failing to inform and/or concealing from Plaintiffs and Class members the option of

15  a life settlement when presenting them with options regarding their life insurance

16  policies.

17      70.    Defendant's business practices, as alleged herein, are unlawful because

18  they constitute financial elder abuse within the meaning of California Welfare and

19  Institutions Code sections 15600, *et seq.*

20      71.    Defendant's business practices, as alleged herein, are unfair because

21  they offend established public policy and/or are immoral, unethical, oppressive,

22  unscrupulous, and/or substantially injurious to consumers.  Consumers, especially

23  elder citizens such as Plaintiffs Larry Grill and Joan Grill, are largely unaware of the

24  option of a life settlement.  Defendant, through its practice or policy as alleged

25  herein, omits or conceals this option from them.  There is no utility or countervailing

26  benefit to Defendant's conduct, and consumers, especially elder citizens, could not

27  reasonably have avoided their injury.

28      72.    Defendant's business practices, as alleged herein, are fraudulent

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  because they are likely to, and did, deceive consumers—including Plaintiffs and

2  Class members—into believing that they had only limited options with respect to

3  their life insurance policies and did not have the option of a life settlement.

4        73.     Pursuant to California Business and Professions Code § 17203,

5  Plaintiffs and the Injunctive Relief Class seek an order of this Court enjoining

6  Defendant from continuing to engage in unlawful, unfair, or deceptive business

7  practices and any other act prohibited by law, including those set forth in the

8  Complaint.  Plaintiffs and the Damages Class seek an order requiring Defendant to

9  make full restitution of all moneys it wrongfully obtained from Plaintiffs and the

10  Damages Class.

## PRAYER FOR RELIEF

12        WHEREFORE, Plaintiffs and Class members request that the Court enter an

13  order or judgment against Defendant as follows:

14        1.     For an order certifying the Damages Class and Injunctive Relief Class

15  and appointing Plaintiffs and their counsel to represent the Classes;

16        2.     For compensatory damages suffered by Plaintiffs and members of the

17  Damages Class;

18        3.     For punitive damages to Plaintiffs and the Damages Class in an amount

19  appropriate to punish Defendant and make an example of Defendant in order to

20  deter others from similar conduct;

21        4.     For treble damages to Plaintiffs and the Damages Class pursuant to

22  California Civil Code section 3345;

23        5.     For restitution to Plaintiffs and the Damages Class of all monies

24  wrongfully obtained by Defendant;

25        6.     For an injunction on behalf of the Injunctive Relief Class ordering

26  Defendant to cease and desist from engaging in the unlawful, unfair, and/or

27  fraudulent practices alleged in the Complaint;

28        7.     For both pre-judgment and post-judgment interest at the maximum

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  allowable rate on any amounts awarded;

2       8.   For Plaintiffs' costs of suit herein;

3       9.   For Plaintiffs' reasonable attorneys' fees; and

4       10.   For any and all such other and further relief that this Court may deem

5  just and proper.

6

7  DATED: March 31, 2014     **PEARSON, SIMON & WARSHAW, LLP**

8       DANIEL L. WARSHAW
   ALEXANDER R. SAFYAN

9       GEORGE S. TREVOR

10

11       By:         */s/ Daniel L. Warshaw*

12            DANIEL L. WARSHAW

13       Attorneys for Plaintiffs LARRY GRILL, JOAN
    GRILL, and STEVEN E. GRILL, in his

14       capacity as Trustee of the Grill Irrevocable
    Trust 2004, dated September 2, 2004, on behalf

15       of themselves and all others similarly situated

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# __DEMAND FOR JURY TRIAL__

Plaintiffs hereby demand a trial by jury of all claims and causes of action so triable in this lawsuit.

DATED: March 31, 2014          **PEARSON, SIMON & WARSHAW, LLP**
                               DANIEL L. WARSHAW
                               GEORGE S. TREVOR
                               ALEXANDER R. SAFYAN


By:  _____*/s/ Daniel L. Warshaw*_____
          DANIEL L. WARSHAW
Attorneys for Plaintiffs LARRY GRILL, JOAN GRILL, and STEVEN E. GRILL, in his capacity as Trustee of the Grill Irrevocable Trust 2004, dated September 2, 2004, on behalf of themselves and all others similarly situated

1

2

### CERTIFICATE OF SERVICES

3

4     I hereby certify that on March 31, 2014, I have electronically filed the **FIRST**

**AMENDED COMPLAINT AND JURY TRIAL DEMAND OF PLAINTIFFS**

5     **LARRY GRILL, JOAN GRILL AND STEVEN E. GRILL** with the Clerk of the

6     Court using the CM/ECF system, which will automatically send an e-mail

7     notification of such filing to the attorneys of record who are registered CM/ECF

8     users.

9           Executed March 31, 2014, at Sherman Oaks, California.

10

11                                   **PEARSON, SIMON & WARSHAW, LLP**
                                     DANIEL L. WARSHAW
12                                   ALEXANDER R. SAFYAN
                                     GEORGE S. TREVOR
13

14

15                                   By:   */s/ Daniel L. Warshaw*

16                                          DANIEL L. WARSHAW
                                     Attorneys for Plaintiffs LARRY GRILL, JOAN
17                                   GRILL, and STEVEN E. GRILL, in his
                                     capacity as Trustee of the Grill Irrevocable
18                                   Trust 2004, dated September 2, 2004, on behalf
                                     of themselves and all others similarly situated
19

20

21

22

23

24

25

26

27

28

858989.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403