Elizabeth L. Deeley (SBN 230798)
elizabeth.deeley@kirkland.com
Austin L. Klar (SBN 292271)
austin.klar@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Attorneys for Defendant,
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LARRY GRILL, JOAN GRILL, and STEVEN E. GRILL, in his capacity as Trustee of the Grill Irrevocable Trust 2004, dated September 2, 2004, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. ED-CV14-00051-JGB (SPx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

Discovery in this litigation is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of the litigation, to address their handling at the end of litigation, and to serve the ends of justice, all parties in the above-captioned case hereby stipulate and agree to the request for, and entry of, the following Stipulated Confidentiality Agreement and [Proposed] Protective Order ("Protective Order") which shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, expert reports, and any other information produced, given, exchanged by and among the parties and any non-parties to this action (the "Litigation")—including all copies, abstracts, digests, notes, and summaries thereof, as well as any and all information contained therein derived therefrom—in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material"):

1. Any party or non-party who provides or has provided Discovery Material to any party in connection with this Litigation (a "Producing Party") may designate such Discovery Material as "Confidential" under the terms of this Protective Order if counsel for the Producing Party believes in good faith that such Discovery Material contains non-public and confidential personal, business, strategic, proprietary or commercially sensitive information, the disclosure of which poses a reasonable risk of competitive or other harm, including harm to personal privacy interests, that requires the protections provided in this Protective Order ("Confidential Discovery Material").

2. For purposes of this Protective Order, Discovery Material to be designated "Confidential" includes all non-public material, including responses to

discovery requests and interrogatories and testimony adduced at depositions, containing information related to: employee commission or compensation information (except as required to be publicly disclosed); financial, actuarial, or pricing projections; studies or analyses by internal or outside experts; privileged, proprietary or any other information a party or non-party believes to be commercially sensitive; personal financial or protected health information; non-public communications with governmental or non-governmental regulators that are intended to be kept confidential and/or are protected from disclosure by statute or regulation; information, materials, and/or other documents reflecting non-public business or financial strategies; or non-party policyholder-specific information.

3. Discovery Material designated as "Confidential," or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including without limitation any personal, business, marketing or commercial purpose.

4. The designation of Discovery Material as "Confidential" for purposes of this Protective Order shall be made in the following manner by any Producing Party:

    a. In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material provided that the inadvertent failure to designate a document as "Confidential" does not constitute a waiver of such a claim, and a Producing Party may so designate a document or material after such document or material has been produced, with the effect that such document or material shall be subject to the protections of this Protective Order from the time it is designated "Confidential"; and

    b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition that certain information or testimony is Confidential; or (ii) by written notice, sent by

counsel to all parties within five (5) days after the receipt of the preliminary transcript of the deposition or other pretrial testimony, stating that the entire deposition transcript or testimony, or part thereof, is so designated, provided that only those portions of the transcripts so designated "Confidential" shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

  c. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material, as appropriate.

 5. Except as specifically provided for in this Protective Order or subsequent Court orders, Discovery Material designated "Confidential" or its contents shall not be revealed, disclosed, summarized, characterized, or otherwise made known to persons, directly or indirectly, in whole or in part, other than the following:

  a. The parties to this Litigation, including the parties' officers, directors, managers, and employees, who are reasonably necessary to assist counsel for the parties in the conduct of the Litigation for use in accordance with this Protective Order;

  b. Experts or consultants, including litigation support vendors and outside copying services, who are not officers, directors, managers or employees of any party and who are reasonably necessary to assist outside counsel of record in the conduct of this Litigation, and regular and temporary employees of those experts or consultants; provided, however, that any such persons are not competitors or employees of a competitor to a party in the Litigation or that any such persons receiving Confidential Discovery Material shall first agree to abide by the terms and conditions of this Protective Order, and shall so evidence such undertaking by signing the form attached hereto as Exhibit A;

      c.     The parties' in-house and outside counsel participating in the prosecution and defense of the Litigation and their legal, clerical, or support staff, including temporary or contract staff;

      d.     The parties' insurers who may be liable for, or may indemnify or reimburse, all or part of a possible judgment in this Litigation, including insurers' counsel participating in matters related to the Litigation and their legal, clerical, or support staff, including temporary or contract staff;

      e.     A non-party witness, deponent, or prospective witness, and counsel for such person, if: (i) it appears from the face of the document or from other documents or testimony that the document was sent or received by that witness, or that the information contained in such document was communicated to that witness; or (ii) the examining attorney believes in good faith that showing such material to such witness is in furtherance of the prosecution or defense of this Litigation and the non-party witness or deponent signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms of this Protective Order, provided, however, that the parties agree that if the non-party witness or deponent refuses to be bound by the terms of this Protective Order, the deposition shall remain open while the parties seek resolution of the issue by the Court;

      f.     The Court and Court personnel;

      g.     Court reporters employed in connection with this Litigation; and

      h.     Any other person upon order of the Court or upon prior written consent of the party or non-party that produced the Confidential Discovery Material, and provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for the purposes of enforcement of this Protective Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

6. Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof. Counsel for the party showing Confidential Discovery Material to a person required to execute an undertaking in the form attached as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original executed copy thereof. Any party issuing a subpoena to a non-party shall forward a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party.

7. This Protective Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material which that person had lawfully received before and apart from this lawsuit.

8. A party that seeks to file Confidential Discovery Material must seek to do so pursuant to Civil Local Rule 79-5. If a party's request to file Confidential Discovery Material under seal is denied by the Court, then the party may file the information unless otherwise instructed by the Court. If the Court declines to order a document sealed, said document will not lose its status as Confidential Discovery Material as a result thereof.

9. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

10. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any particular Confidential Discovery Material contains or reflects confidential information;

    b. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

    c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    d. Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

    e. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

    f. Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

    g. Be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

11. This Protective Order has no effect upon, and shall not apply to, the parties' use of their own respective Confidential Discovery Material for any purpose.

Nothing herein shall (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

12. If, at any time, any Discovery Material governed by this Protective Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and within five (5) business days if reasonably practicable, give written notice to the Producing Party and include with such notice a copy of the subpoena or request.  The person to whom the subpoena is directed also must immediately inform in writing the party who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Protective Order, and deliver a copy of this Protective Order promptly to the party.  The party receiving any subpoena shall not voluntarily make any production of another's Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law.  Nothing in this Protective Order shall be construed as authorizing a party to disobey any law or court order requiring the production of Discovery Material.

13. All those to whom Confidential Discovery Material is disclosed pursuant hereto shall protect, safeguard and otherwise respect the confidential nature of such information; shall not (without the written consent of the Producing Party) disclose it to any person other than those identified herein; shall not use it for any other purpose except as may be necessary for the good faith conduct of the Litigation (or as

otherwise specified herein); and shall maintain documents and things that are or contain Confidential Discovery Material in a secure place where authorized disclosure cannot reasonably be expected to occur; except that the obligations of this paragraph shall cease as to any Confidential Discovery Material that is publicly disclosed by the Producing Party or that otherwise becomes publicly available without violation of this Protective Order.

14.  Consistent with Federal Rule of Evidence 502, the inadvertent production of any Discovery Material in this Litigation shall be without prejudice to any claim that such material is privileged or protected from Disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material").  If a Producing Party believes that Privileged Material was inadvertently produced, the Producing Party may notify in writing any party that received the material (the "Receiving Party") of the claim of privilege and the basis for such claim to the extent required by Rule 26 of the Federal Rules of Civil Procedure (the "Privileged Material Notice").  After receipt of a Privileged Material Notice, the Receiving Party shall use commercially reasonable efforts to promptly return, sequester or destroy the Privileged Material, any copies it has, and any work product reflecting the contents of the Privileged Material; must not use or disclose the information until the claim is resolved; must take commercially reasonable steps to retrieve the information if the Receiving Party disclosed it to anyone else before being notified; and may notify the Producing Party in writing whether it objects to the designation of such material as privileged or protected.  Following the receipt of any objection, the Receiving Party and the Producing Party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the Receiving Party may promptly present the issue to the Court for a determination of the Producing Party's claim of privilege or protection, submitting any document(s) in

dispute under seal in compliance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. While any such motion is pending, the Privileged Material subject to that motion will be treated as privileged until the Court rules. The burden of proving that the privilege or protection applies rests with the Producing Party. If the Court determines that such material is privileged or protected, the Receiving Party shall use commercially reasonable efforts to immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof. If the Receiving Party, after making an objection to the Producing Party, does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged or protected within thirty (30) calendar days from the receipt of the Privileged Material Notice (regardless of whether the parties met and conferred on the subject), or such later date as the Producing Party and the Receiving Party may agree, the Receiving Party shall use commercially reasonable efforts to immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof.

15. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order.

16. Non-parties who produce documents pursuant to this Protective Order shall have the benefit of this Protective Order, and shall be entitled to enforce its terms with respect to materials produced by them, if they agree in writing to be bound hereby.

17. The parties agree to be bound by the terms of this Protective Order pending the entry of this Protective Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order has been entered by the Court.

18. The restrictions on use of Confidential Discovery Material set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Protective Order.

19. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party, all persons having received Confidential Discovery Information shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, attorney-client privileged material and attorney work product, provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party.

20. The following procedures shall apply to any disputes arising from the designation of Discovery Material as Confidential Discovery Material pursuant to this Protective Order:

    a. Any party or non-party may challenge a designation of confidentiality (the "Challenging Party") at any time.

    b. The Challenging Party shall initiate the dispute-resolution process under Local Rule 37.1 *et seq*.

    c. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Producing Party has waived or withdrawn the confidentiality designation, all parties shall continue to

afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

21. This Protective Order may be executed by PDF signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute but one agreement.

22. The United States District Court for the Central District of California shall keep jurisdiction over the case after dismissal, with or without prejudice, final judgment, or other termination exclusively to administer and enforce this Protective Order.

DATED: January 29, 2015

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ Austin L. Klar*
Austin L. Klar
*Attorneys for Defendant*

DATED: January 29, 2015

Respectfully submitted,
PEARSON, SIMON & WARSHAW, LLP

*/s/ Alexander R. Safyan*
Alexander R. Safyan
*Attorneys for Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 2, 2015

/s/
The Honorable Sheri Pym
United States Magistrate Judge

# ATTESTATION

I, Austin L. Klar, am the ECF user whose identification and password are being used to file this Stipulated Confidentiality Agreement and [Proposed] Protective Order. I hereby attest that the counsel listed above concur in this filing.

DATED: January 29, 2015            /s/ *Austin L. Klar*
                                   Austin L. Klar
                                   *Attorney for Defendant*

# EXHIBIT A

## AGREEMENT TO ABIDE BY THE CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that I have received a copy of and have read the Stipulated Confidentiality Agreement and [Proposed] Protective Order dated _____ in connection with Larry Grill, et al. v. Lincoln National Life Insurance Co., Case No. ED-CV14-00051-JGB (SPx).  I hereby agree to comply with and be bound by the terms and conditions of said Agreement.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California, Eastern Division, in this case for the purpose of enforcement of this Agreement and the Confidentiality Agreement.

I understand I am to retain all copies of any information, document, material, item, or thing designated as "Confidential" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writings prepared by me containing any information, document, material, item or thing designated as "Confidential" are to be returned to counsel who provided me with such materials.

I will not disclose or divulge any information, document, material, item or thing designated as "Confidential" to persons other than those specifically authorized by said Confidentiality Agreement and only with authorization of the Producing Party.  I will not copy or use any information, document, material, item or thing designated as "Confidential" except solely for the purposes of this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20__, in _____.

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2015, I have electronically filed **STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the attorneys of record who are registered CM/ECF users.

Executed January 29, 2015, at San Francisco, California.

KIRKLAND & ELLIS LLP

*/s/ Austin L. Klar*_____
Austin L. Klar

*Attorney for Defendant*
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY